IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ROBERT G. PEARSON and ILLINOIS STOCK TRANSFER COMPANY (d/b/a IST SHAREHOLDER SERVICES), ) ) ) ) Defendants. ) ) | No. 14 C 3785 |

**FINAL JUDGMENT AS TO DEFENDANT ROBERT G. PEARSON**

The Securities and Exchange Commission having filed a Complaint and Defendant Robert G. Pearson ("Defendant" or "Pearson") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and 10b-5(c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) and 10b-5(c)], by

using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to employ any device, scheme, or artifice to defraud; or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 17A(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] by knowingly providing substantial assistance to any transfer agent that, directly or indirectly, engages in any activity as a transfer agent in contravention of the rules promulgated by the Commission.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 17A(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] and Rule 17Ad-12 promulgated thereunder [17 C.F.R. § 240.17Ad-12] by knowingly providing substantial assistance to any transfer agent that fails to maintain reasonable safeguards for funds and securities for each issuer of securities for which such transfer agent performs stock transfer functions.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 17A(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] and Rule 17Ad-13 promulgated thereunder [17 C.F.R. § 240.17Ad-13] by knowingly providing substantial assistance to any transfer agent that fails to file annually with the Commission an independent accountant's report concerning the transfer agent's system of internal accounting control and related procedures for the transfer of record ownership and the safeguarding of related securities and funds.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 17A(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] and Rule 17Ad-16 promulgated thereunder [17 C.F.R. § 240.17Ad-16] by knowingly providing substantial assistance to any transfer agent that fails to send, within the times specified by this rule, written notice of assumption or termination of transfer agent services to the appropriate qualified registered securities depository.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 17A(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] and Rule 17f-1 promulgated thereunder [17 C.F.R. § 240.17f-1] by knowingly providing substantial assistance to any transfer agent that fails to report to the Commission or its designee, within the times specified in this rule: (i) the discovery of the loss of any securities certificate where criminal actions are not suspected and when the securities certificate has been missing or lost for a period of two business days, or (ii) the recovery of a securities certificate that was previously reported as lost, missing or stolen.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay, jointly and severally with Defendant Illinois Stock Transfer, disgorgement of ill-gotten gains, including prejudgment interest thereon, in the amount of $1,138,048.96; but, that amount is deemed fully satisfied by the monetary restitution ordered in Pearson's criminal case, *United States v. Pearson*, 15 CR 676 (N.D. Ill.), and by the amounts previously collected and distributed by the Receiver appointed by the Court in this matter.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

4

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

ENTER:

Dated: January 8, 2020

_____
Rebecca R. Pallmeyer
United States District Judge